# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN JACKSON,<br>    *Plaintiff*,<br><br>v.<br><br>GERALD VALLETTA and UNIVERSITY<br>OF CONNECTICUT HEALTH CENTER,<br>    *Defendants*. | No. 3:17-cv-01869 (JAM) |

## ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Kevin Jackson is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and in *forma pauperis* under 42 U.S.C. § 1983 against Dr. Gerald Valletta and the University of Connecticut Health Center. Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment right against cruel and unusual punishment. I conclude that plaintiff has not alleged a plausible claim for relief and will dismiss the complaint with prejudice.

### BACKGROUND

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On June 28, 2017, plaintiff had surgery on his finger to address a bone spur. To alleviate post-surgery pain, the doctors at University of Connecticut hospital "referred" that Dr. Valletta prescribe Percocet for plaintiff. Instead of prescribing Percocet, Dr. Valletta prescribed Tylenol 3, which contains a combination of acetaminophen and codeine. On January 29, plaintiff complained that Tylenol 3 made him vomit. On June 30, plaintiff submitted a written request slip describing the vomiting side effect and the excruciating pain he was experiencing. Dr. Valletta met with plaintiff, who described the vomiting side effect and pain,

1

and then Dr. Valletta doubled the dosage of Tylenol 3. Plaintiff alleges that the new regimen caused his vomiting to increase, and he refused to take any more Tylenol 3 after July 4, 2017. Plaintiff's claim of deliberate indifference rests on the pain he suffered from June 30 to July 4. Doc. #1 at 3–5 (¶¶ 8–20).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Plaintiff claims a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. The Supreme Court has held that a prison official's "deliberate indifference" to a prisoner's serious medical needs amounts to a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The Second Circuit in turn has made clear that a prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an *objective* requirement—that the prisoner's medical need was sufficiently serious. *See Spavone v. New York*

*State Dep't of Corr. Serv's.*, 719 F.3d 127, 138 (2d Cir. 2013). The prisoner must show that he suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Second, there is a *subjective* requirement: that the defendant have acted recklessly—that is, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action. *See Spavone*, 719 F.3d at 138. It is not enough to allege simple negligence or negligent medical malpractice. *See Hilton v. Wright*, 673 F.3d 120, 122-23 (2d Cir. 2012); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Instead, a prisoner must show that the defendant acted with the equivalent of a criminally reckless state of mind when denying treatment for the prisoner's medical needs. *See Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*).

### *Claims against Dr. Gerald Valletta*

Plaintiff claims that Dr. Valletta was deliberately indifferent to his serious medical need for adequate pain medication and pain management in the aftermath of his surgery. This deliberate indifference was allegedly exhibited by Dr. Valletta's prescription of Tylenol 3 rather than Percocet and then his doubling of the Tylenol 3 dosage after plaintiff complained that he was vomiting. The failure to provide adequate pain medication post-surgery and other post-operative care arguably may constitute deliberate indifference for Eight Amendment purposes. *See, e.g.*, *Majors v. Baldwin*, 456 F. App'x 616, 617 (8th Cir. 2012) (*per curiam*). But a doctor's "decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs." *Rush v. Fischer*, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013). Dr. Valletta's decision to prescribe Tylenol 3 rather than Percocet therefore cannot support a claim for deliberate indifference.

Nor can Dr. Valletta's decision to increase the dosage of Tylenol 3 support a claim for deliberate indifference. As plaintiff himself alleges, he told Dr. Valletta not only that he was vomiting but also that he was in "pain wors[e] th[a]n fire and the worst pain he ever had in his lifetime." Doc. #1 at 4. Given plaintiff's own report of severe pain following his operation, it was not tantamount to criminal recklessness for Dr. Valletta to decide to increase the Tylenol 3 dosage for plaintiff's pain even if plaintiff also believed that the Tylenol 3 was upsetting his stomach. Plaintiff has alleged at best that Dr. Valletta was negligent with respect to his choice of medication and dosage, not that he acted with deliberate indifference to plaintiff's medical needs. *See, e.g.*, *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998) ("negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim"); *Davila v. UConn Medical Center*, 2008 WL 4630507, at *2 (D. Conn. 2008) (dismissing prisoner's Eighth Amendment claim based on failure of doctor to prescribe Percocet as requested by prisoner rather than other forms of pain reliever to which plaintiff claimed he was allergic).

### *Claims against University of Connecticut Health Center*

Plaintiff alleges that the University of Connecticut Health Center was deliberately indifferent to his serious medical needs based on the same facts described above. Section 1983 provides a cause of action against a "person" who violates someone's federal rights while acting under color of state law. It is well-established that "a state agency is not a person within the meaning of section 1983." *Walker v. State of Connecticut*, 2006 WL 1981783, at *2 (D. Conn. 2006). The University of Connecticut Health Center is a state agency that is not subject to 1983 suits. *See, e.g.*, *Jolley v. Corr. Managed Health Care*, 2009 WL 233667, at *3 (D. Conn. 2009), *aff'd*, 375 F. App'x 67 (2d Cir. 2010). Accordingly, plaintiff's claim against the University of Connecticut Health Center is dismissed.

4

## CONCLUSION

Plaintiff has failed to allege a plausible claim for relief under the Eighth Amendment against any of the defendants. The Court further concludes that any amendment of the complaint would be futile. Accordingly, the Court DISMISSES the complaint with prejudice pursuant to 28 U.S.C. § 1915A. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 28th day of December 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge